UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:15-CR-00008-TBR-LLK

DEMARLO LAJUAN HENDERSON,　　　　　　　　　　　　　　　　　PETITIONER

v.

UNITED STATES OF AMERICA,　　　　　　　　　　　　　　　　　RESPONDENT

**Memorandum Opinion and Order**

Petitioner DeMarlo Henderson, ("Petitioner"), has filed a motion, [DN 53], supplemental motion, [DN 54], and amended motion, [DN 58], to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner has also filed a motion for an extension of time to lodge objections to the Magistrate Judge's Report and Recommendation. [DN 73.]

**IT IS HEREBY ORDERED** that Petitioner's motion for an extension of time, [DN 73], is **GRANTED.** His objections were already filed in the docket. Therein, Petitioner simply rehashes arguments to which the Magistrate Judge already gave considerable thought. Specifically, Petitioner argues again that his counsel was constitutionally ineffective for allegedly overestimating the appropriate sentencing guideline range, and that his counsel was constitutionally ineffective for failing to investigate factors used to enhance his sentence. [*See* DN 74, at 1.]

The Court has conducted a *de novo* review of the relevant filings and the Magistrate Judge's Report and Recommendation, and concurs with his decision. The Magistrate Judge correctly concluded that Petitioner was properly classified under federal law as a Career Offender prior to the imposition of his sentence, thereby moving his sentence guideline range up

from 100 to 125 months to 188 to 235 months. [*See id.* at 2.]¹ In essence, Petitioner simply disagrees with his status as a Career Offender because, in his estimation, one of the two prior felony convictions used to classify him as a Career Offender was not a "controlled substance offense." [*See id.* at 2-3.]

The Magistrate Judge explained, and the Court agrees, that Petitioner's prior conviction in McCracken County, Kentucky Circuit Court counted as a controlled substance offense, thereby rendering him subject to the sentencing enhancement. An examination of the statutory definitions in KRS § 218A.010(55) and U.S.S.G. § 4B1.2(b) shows how the language of the two provisions renders them "functionally equivalent." [*Id.* at 3.] Further, the Magistrate Judge analyzed the three Supreme Court cases to which Petitioner cited, and concluded that they do not alter the analysis or in any way change the result. [*See id.* at 4, discussing *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Descamps v. United States*, 570 U.S. 254 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990).] Upon review, the Court agrees with the Magistrate Judge's reasoning. In short, the Court has conducted a *de novo* review of the evidence and the law and has concluded that there is no merit to Petitioner's objections.

**WHEREFORE**, the above matter having been referred to the United States Magistrate Judge, who has filed his Findings of Fact and Conclusions of Law, objections having been filed thereto, and the Court having considered the same,

**IT IS HEREBY ORDERED** that the Court adopts the Findings of Fact and Conclusions of Law as set forth in the report submitted by the Magistrate Judge. [DN 72.]

**IT IS FURTHER ORDERED** that Petitioner's motion, supplemental motion, and amended motion to vacate under 28 U.S.C. § 2255 [DNs 53, 54, and 58] are **DENIED.**

---

¹ Notably, the sentence actually imposed was 130 months. [*See* DN 72, at 5.]

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** as to each claim asserted in the motions to vacate.

A separate Judgment will be entered with this Order.

**IT IS SO ORDERED.**

cc: Counsel of Record

DeMarlo Henderson, *pro se*