UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:15-CR-8-TBR

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.

DEMARLO LAJUAN HENDERSON                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant DeMarlo Henderson's *pro se* Motion for Compassionate Release In Light of COVID-19. [DN 79]. The Government responded, [DN 81], and Defendant replied, [DN 86]. This matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion for Compassionate Release, [DN 79], is **DENIED.**

## BACKGROUND

In 2013, Henderson engaged in a conspiracy to possess and distribute cocaine. [DN 37]. Henderson pled guilty to one Count of Conspiracy to Possess with Intent to Distribute cocaine on January 12, 2016. [*Id.*]. In his plea agreement, Henderson stipulated that the offense involved more than 153.7 grams but less than 196 grams of cocaine base. [*Id.*] Subsequently, on March 31, 2016, this Court sentenced Henderson to a 130-month term of imprisonment and five years supervised release. [DN 41]. Currently, Henderson has served approximately 63 months (or 48 percent) of his 130-month sentence. Henderson now seeks compassionate release due to his underlying medical conditions and the COVID-19 pandemic.

## LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-
   (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court shall engage in a "three-step inquiry." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18

U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling

reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant

sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)); *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d. ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Henderson filed a request for Compassionate Release with the Bureau of Prisons on August 14, 2020, arguing that his asthma puts him at a higher risk for complications from COVID-19. [DN 83-3 at 1]. The Warden responded and denied his request on August 31, 2020. [DN 83-4 at 1]. Therefore, Henderson has properly exhausted his administrative remedies under the First Step Act.

### II. Extraordinary and Compelling Reasons

Where, as here, an incarcerated person files a motion for compassionate release directly, the district judge may skip step two of the § 3582(c)(1)(A) inquiry and has full discretion to define and determine whether an "extraordinary and compelling" reasons exists on his own initiative, without consulting the policy statement § 1B1.13. *Elias*, No. 20-3654, 2021 WL 50169, at *1

(citing *Jones*, 980 F.3d at 1111). The Sixth Circuit recently approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

In support of his motion, Henderson argues that the presence of COVID-19 at FCI Allenwood Medium, the BOP's unrealistic response to COVID-19, prison staffs' failure to wear masks and follow CDC guidelines, and his own pre-existing medical condition (asthma) constitute "extraordinary and compelling reasons" warranting compassionate release. [DN 79; DN 86]. In response, the Government argues that Henderson has not been infected with the coronavirus, and "[h]e does not show that he has a greater risk of contracting the disease in prison that he would if he was released or that the Bureau of Prisons could not treat him effectively if he had coronavirus." [DN 81 at 1]. In addition, the Government states that the Court should not release Henderson because "he is a dangerous criminal and a flight risk." [*Id.*]

Though Henderson states that he suffers from asthma, he has not provided any documentation to support this assertion and his BOP medical records do not contain any reference to asthma. [*See generally* DN 83-1]. Henderson has not presented proof of any other medical condition(s) to support his motion. The Court finds that Henderson's medical condition does not place him at a greater risk of severe complications from COVID-19.

Further, FCI Allenwood Medium, where Henderson is located, currently has only one positive inmate case and zero positive staff.[1] Although there is one confirmed active case of

---

[1] https://www.bop.gov/coronavirus/ (Accessed by the Court March 23, 2021).

COVID-19, there is no outbreak within the prison. Therefore, Henderson has not shown extraordinary and compelling reasons for his release. Even if extraordinary and compelling reasons did exist, compassionate release is not warranted under 18 U.S.C. § 3553(a).

### III. 18 U.S.C. § 3553(a) Factors

Considering the totality of Henderson's circumstances and the factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. Here, Henderson pled guilty to conspiring to possess and distribute more than 153.7 grams but less than 196 grams of cocaine. Henderson's criminal record includes two prior convictions for trafficking cocaine in 2002 and 2007; and he committed the instant crime while on supervised release from his 2007 federal conviction. [DN 37; DN 81 at 5]. Accordingly, the Court finds that the nature and circumstances of the present offense and Henderson's history and characteristics do not support relief. Therefore, the Court must deny Henderson's motion.

### CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Henderson's Motion for Compassionate Release in Light of COVID-19, [DN 79], is **DENIED.**

**IT IS SO ORDERED.**

*[signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

April 8, 2021

CC: **DeMarlo Lajuan Henderson**
09325-033
ALLENWOOD MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
WHITE DEER, PA 17887
PRO SE